UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------- x
                                  :
UNITED STATES OF AMERICA,         :
                                  :
                    Plaintiff,    :
                                  :    **MEMORANDUM AND ORDER**
      -against-                   :    **GRANTING PRELIMINARY**
                                  :    **INJUNCTION**
KEITH SANG, et al,                :
                                  :    No. 21-cv-4266 (KAM)(CLP)
                    Defendants.   x
                                  
--------------------------------

**MATSUMOTO, United States District Judge:**

On July 21, 2021, Plaintiff United States of America ("Plaintiff") filed this action against Defendants Keith Sang, Kashana Sang, Tareek Lewis, Kimberly Brown, and K&L Accounting, Inc. a/k/a K&L Accounting Group, Inc.[1] (together, "Defendants"). (ECF No. 1, Complaint ("Compl.").) Plaintiff alleges that Defendants, while acting as paid federal tax return preparers, understated their customers' tax liabilities by, *inter alia*, claiming false filing statuses or false or exaggerated deductions. (*Id.* ¶¶ 25–41.) Plaintiff seeks to permanently enjoin Defendants, and anyone in active concert or participation with them, from acting as federal tax return preparers. (*Id.* at 22–25.)

---

[1]    The Court notes that the parties use both "K&L Accounting, Inc." and "K&L Accounting Group, Inc." to refer to the Defendant entity. (*See, e.g.*, ECF No. 34-1, Declaration of Anupama Gupta ("Gupta Decl."), ¶¶ 2, 8.)

Before the Court is Plaintiff's motion to preliminarily enjoin Defendants from acting as tax return preparers until the resolution of this case. (ECF No. 33, Notice of Plaintiff's Motion.) On January 28, 2022, counsel for Defendant Keith Sang filed a letter informing the Court that Mr. Sang does not oppose Plaintiff's motion. (ECF No. 29.) Counsel for Defendants Kashana Sang, Tareek Lewis, and K&L Accounting, Inc. a/k/a K&L Accounting Group, Inc. ("K&L Accounting") also filed a letter on January 28, which stated that Ms. Sang, Mr. Lewis, and K&L Accounting do not oppose Plaintiff's motion. (ECF No. 30.) Defendant Kimberly Brown filed a memorandum of law in opposition to Plaintiff's motion on January 28, and attached her declaration as an exhibit. (ECF Nos. 31, Defendant Brown's Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction ("Def. Mem."); 31-1, Declaration of Kimberly Brown ("Brown Decl.").)

On February 4, 2022, Plaintiff filed a memorandum of law in support of its motion for preliminary injunction, attaching nineteen exhibits. (ECF Nos. 34, Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction ("Pl. Mem."); 34-1–34-19, Exhibits 1–19.) Exhibit 1 is a declaration of Revenue Agent Anupama Gupta, who has been investigating Defendants' tax preparation practices since April 2018. (Gupta Decl. ¶ 2.) Exhibits 4 to 19 include declarations and filed tax returns of some of Defendants' customers. (ECF No. 34-4–34-19, Exhibits 4–19.)

2

Plaintiff also filed a reply memorandum in support of its motion and attached a supplemental declaration of Agent Gupta. (ECF Nos. 35, Plaintiff's Reply in Support of Motion for Preliminary Injunction ("Pl. Reply"); 35-1, Exhibit 20, Supplemental Declaration of Anupama Gupta ("Gupta Suppl. Decl.").)

On February 10, 2022, the Court heard oral argument on Plaintiff's motion for preliminary injunction, with parties participating by video conference. (Minute Entry dated February 11, 2022.) The Court granted Defendant Brown leave to file supplemental briefing and gave Plaintiff an opportunity to respond. (*Id.*) On February 11, Defendant Brown filed a supplemental letter memorandum in further support of her opposition to Plaintiff's motion, and Plaintiff filed a response on February 14, 2022, attaching two additional exhibits. (ECF Nos. 36, Defendant Brown's Supplemental Letter Memorandum ("Def. Suppl. Mem."); No. 37, Plaintiff's Response to Defendant Brown's Supplemental Letter Memorandum ("Pl. Resp."); Nos. 37-1–37-2, Exhibits 21–22.)

For the reasons set forth below, Plaintiff's motion for a preliminary injunction is **GRANTED** as to all Defendants, and Defendants will be preliminarily enjoined until the resolution of this action pursuant to 26 U.S.C. §§ 7407 and 7402, in accordance with the terms set forth below.

## **FACTUAL FINDINGS**

Having considered the materials in the record, the Court makes the following factual findings.

Plaintiff filed this action after a four-year investigation by the IRS that began around April 2017. (Gupta Decl. ¶ 2.)  Defendant Keith Sang has been acting as a tax return preparer since 2000, and his daughter, Defendant Kashana Sang, has worked with him since at least 2008. (*Id.* ¶¶ 8, 10.)  Defendant Lewis is Mr. Sang's nephew and has worked with Mr. Sang since approximately 2013, and Defendant Brown has worked with Mr. Sang since 2013. (*Id.* ¶¶ 11—12.)  During the relevant period, Defendants have prepared tax returns under several corporate names: Allied Business Services, Sang's Accounting and Tax Service, Sang's Income Tax Service, and most recently, K&L Accounting, one of the Defendants in this action. (*Id.* ¶ 8.)  Defendants have prepared tax returns in the basement of Mr. Sang's home at 220 East 89th Street, Brooklyn, New York. (*Id.*)

Defendant Keith Sang's Electronic Filing Identification Number ("EFIN")[2] ending in 5157 was suspended by the IRS in January 2010. (*Id.* ¶ 15.)  In December 2010, Defendant Kashana Sang applied

---

[2]    An EFIN is "a unique numerical identifier assigned by the IRS that a tax preparation firm uses to transmit returns to the IRS on behalf of customers." (Gupta Decl. ¶ 14.)  According to Exhibit 1-A, May 23, 2017 Letter from the IRS to Defendant Keith Sang, the EFIN ending in 5157 was applied for and obtained by Mr. Sang, doing business as Allied Business Services. (ECF No. 34-1, Exhibit 1-A.)

for and obtained a new EFIN, ending in 1954, in her own name, doing business as Sang's Accounting and Tax Service at 220 East 89th Street, Brooklyn, New York. (*Id.* ¶ 16; ECF No. 34-1, Exhibit 1-C.)  In July 2015, Defendant Kashana Sang registered Sang's Income Tax Service with the Department of State, using the same 220 East 89th Street address. (ECF No. 34-3, Exhibit 3.)  On May 23, 2017, Defendant Kashana Sang's EFIN ending in 1954 was suspended by the IRS. (ECF No. 34-1, Exhibit 1-B.)  Then, in November 2017, Defendants Lewis and Brown, under the business name K&L Accounting, applied for a new EFIN, ending in 4645.[3] (Gupta Decl. ¶¶ 20, 22.)

Defendants, using the EFINs that were issued to their various corporate entities, electronically filed approximately 11,290 returns for the 2015 to 2019 preparer years (for the 2014 to 2018 tax years). (*Id.* ¶ 26).  For the 2015, 2016, and 2017 preparer years, approximately 2,399, 2466, and 2,640 returns were filed, respectively, using Defendant Kashana Sang's EFIN ending in 1954. (*Id.* ¶¶ 17—18.)  The new EFIN ending in 4645, applied for and obtained by Defendants Lewis and Brown, was effective as of March 2018 and was used to file approximately 1,311 returns during the 2018 preparer year and approximately 2,474 returns during the 2019 preparer year. (*Id.* ¶ 22.)  Notably, the 11,290 returns filed during the 2015 to 2019 preparer years only account for returns

---

[3]     K&L Accounting's EFIN application states that its business address is 756 Pine Street, Brooklyn, NY 11208, (Exhibit 1-C), which is Defendant Lewis's home address.  (Gupta Decl. ¶ 21.)

that were filed electronically and do not include returns that were prepared by Defendants and paper filed without a preparer signature or identification number.  The IRS audited 119 returns filed by Defendants during the 2016, 2017, and 2018 preparer years (for the 2015, 2016, and 2017 tax years), which showed that the IRS had refunded a total of $553,783 to which the taxpayers were not entitled, with an average deficiency of $4,654 per audited return. (*Id.* ¶ 29.)

In support of its motion, Plaintiff submitted as exhibits a small sample of tax returns prepared and filed by each of the Defendants.  (ECF No. 34-4—34-19, Exhibits 4—19.)  Some, but not all, of these exhibits also included declarations of customers regarding their tax returns.

### *Maurice and Marcia Sedacey's 2016 and 2017 Tax Returns*

Maurice and Marcia Sedacey filed their 2016 tax return jointly as a married couple.  (ECF No. 34-9, Exhibit 9.)  In 2016, Mr. Sedacey earned $51,514 working as a doorman and Mrs. Sedacey was retired.  (*Id.* at 17, 19.)  Their 2016 return claimed deductions for $9,091 in unreimbursed employee business expenses and $5,333 in charitable donations.  (*Id.* at 20, 22.)  Although the return, on its face, identifies Defendant Kashana Sang as the preparer by her name and unique Preparer Tax Identification Number ("PTIN")[4],

---

[4]      Unlike EFINs, which are issued to tax preparation firms, "the IRS issues preparer tax identification numbers ('PTINs') to tax return preparers to show which individual preparer is responsible preparing any particular return.

(*id.* at 19), Mrs. Sedacy stated in a declaration that it was Defendant Keith Sang who prepared their tax returns and that she and her husband did not ask Mr. Sang to claim $9,091 in business expenses and $5,333 in charitable donations. (*Id.* at 1.) Additionally, though Mrs. Sedacey stated that Defendant Keith Sang prepared her and her husband's tax returns, their 2017 return was paper filed with no preparer signature or identification number. (*Id.* at 1, 6.)

### *Robert Purcell's 2016 and 2017 Tax Returns*

Robert Purcell earned $33,728 in 2016 working as a cargo agent. (ECF No. 34-18, Exhibit 18, at 23, 25.) His 2016 return claimed $6,796 in unreimbursed employee business expenses and $3,285 in charitable donations. (*Id.* at 26, 33.) Mr. Purcell stated in a declaration: "I didn't have any expenses relating to my job, nor did I tell the preparer to put this figure on my return. I only donate around $200 a year to charity [and] didn't tell the return preparer." (*Id.* at 1.) Page 25 of the return states that it was prepared by Defendant Kashana Sang at Sang's Income Tax Service and lists Ms. Sang's PTIN and the same 220 East 89th Street address in Brooklyn where Defendants have conducted their tax preparation business. (*Id.* at 25.)

---

Multiple PTIN holders may file returns under the same EFIN." (Gupta Suppl. Decl. ¶ 2.)

In 2017, Mr. Purcell earned $30,768 working as a cargo agent. (*Id.* at 5, 7.) The 2017 return claimed $6,753 in unreimbursed employee business expenses and $3,725 in charitable donations. (*Id.* at 8, 16.) Mr. Purcell, as stated before, said in a declaration that the claimed expenses and charitable donations are not accurate and that he never asked the preparer to include those numbers in his 2016 and 2017 tax returns. (*Id.* at 1.) Page 7 of the return identifies Defendant Lewis at K&L Accounting as the preparer and lists Mr. Lewis' PTIN. (*Id.* at 7.)

### *Jason Savage's 2016 and 2017 Tax Returns*

Jason Savage's 2016 tax return lists Defendant Kashana Sang as the preparer and his 2017 tax return lists Defendant Lewis as the preparer, but Mr. Savage stated in a declaration that it was Defendant Keith Sang, whose own EFIN was suspended by the IRS in January 2010, who has prepared his tax returns since he started working. (ECF No. 34-5, Exhibit 5, at 1, 9, 24.)

### *Patrick Atkinson's 2016 and 2017 Tax Returns*

Patrick Atkinson earned $37,288 in 2016 working as a computer technician. (ECF No. 34-7, Exhibit 7, at 24, 27.) His 2016 return claimed $3,812 in unreimbursed employee business expenses and $3,000 in childcare expenses. (*Id.* at 28–29.) Page 27 states that it was prepared by Defendant Kashana Sang at Sang's Income Tax Service at the same 220 East 89th Street address in Brooklyn. (*Id.* at 27.) In 2017, Mr. Atkinson earned $49,921

working as a computer technician. (*Id.* at 6, 9.)  His 2017 return claimed $4,153 in unreimbursed employee business expenses and $3,000 in childcare expenses. (*Id.* at 10—11.)  Page 9 states that it was prepared by Defendant Brown at K&L Accounting and lists a PO box under address. (*Id.* at 9.)  Mr. Atkinson stated in a declaration that Defendant Keith Sang prepared his 2016 and 2017 tax returns at Mr. Sang's office at 220 East 89th Street in Brooklyn. (*Id.* at 1.)  Mr. Atkinson further stated that Defendant Keith Sang "reviewed and finalized the returns" and that he does "not know about child care [sic] expenses and business expenses on [his] tax returns" and "did not tell the preparer to deduct those expenses." (*Id.*)

### *Tashoy Saddler and Everton Morris' 2016 and 2017 Tax Returns*

Tashoy Saddler and Everton Morris' 2016 tax returns, filed separately under different addresses, both claimed head of household ("HOH")[5] status and listed the same child, D.Y., as the qualifying child. (ECF No. 34-8, Exhibit 8, at 37, 45.)  Mr. Morris's return listed D.Y. as a dependent[6] and represented that

---

[5]    "[A]n individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year . . . and either . . . maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of (i) a qualifying child of the individual . . . or (ii) any other person who is a dependent of the taxpayer . . . ." 26 U.S.C. § 2(b).

[6]    26 U.S.C. § 152(a) states that the term "dependent" means a qualifying child or a qualifying relative, and section 152(c) defines "qualifying child" as an individual who, among others, "has the same principal place of abode as the taxpayer for more than one-half of such taxable year." 26 U.S.C. §§ 152(a),

D.Y. lived with Mr. Morris for 12 months in 2016. (*Id.* at 45, 55.) Both tax returns were prepared by Defendant Kashana Sang from Sang's Income Tax Service at the same 220 East 89th Street address in Brooklyn. (*Id.* at 40, 48.)

Likewise, Tashoy Saddler and Everton Morris' 2017 tax returns, filed separately under different addresses, both claimed HOH status and listed the same child, D.Y., as the qualifying child. (*Id.* at 5, 16.) Mr. Morris's return listed D.Y. as a dependent and stated that D.Y. lived with Mr. Morris for 12 months in 2017. (*Id.* at 16, 33.) Page 19 states that Mr. Morris' 2017 tax return was prepared by Defendant Brown at K&L Accounting. (*Id.* at 19.) Ms. Saddler's 2017 tax return was paper filed without preparer signature or identification number, but Ms. Saddler stated in a declaration that her 2016 and 2017 tax returns were prepared by Sang's Income Tax Service at 220 East 89th Street in Brooklyn. (*Id.* at 1, 6.) Plaintiff submitted Exhibit 1-C, which includes an EFIN application filed by Defendant Kashana Sang on behalf of Sang's Income Tax Service as its President. (Exhibit 1-C.)

### *Jhamel Clarke's 2016 Tax Return*

Jhamel Clarke's 2016 tax return claimed HOH status and listed K.C. as the qualifying child. (ECF No. 34-11, Exhibit 11, at 14.) Additionally, the 2016 return claimed $4,343 in charitable

---

(c).

donations.  (*Id.* at 18.)  Mr. Clarke stated in a declaration that he does not know K.C. and that he does not "know about the charity figure reported." (*Id.* at 1.)  Although page 16 of the return states that it was prepared by non-party Venelda Wallace, Sang's Income Tax Service is listed as the preparer firm, along with its employer identification number ("EIN") ending in 9109.  (*Id.* at 16.)  Plaintiff submitted Exhibit 1-C, which includes an EFIN application filed by Defendant Kashana Sang as the President of Sang's Income Tax Service that lists the same EIN ending in 9109. (Exhibit 1-C.)

### *Roland Edwin's 2016 Tax Return*

Roland Edwin's 2016 tax return claimed $6,000 in childcare expenses paid to a Corine McLean.  (ECF No. 34-17, Exhibit 17, at 31.)  In a declaration, Mr. Edwin stated, "I do not know who Corrine McLean is and did not pay her to take care of my children," and that he did not provide the return preparer with information for this deduction.  (*Id.* at 1.)  Although page 29 of the return lists the preparer as non-party Venelda Wallace, the preparer firm listed, like in Mr. Clarke's 2016 tax return, is Sang's Income Tax Service, along with its EIN ending in 9109.  (*Id.* at 29.)  Again, when applying for an EFIN on behalf of Sang's Income Tax Service, Defendant Kashana Sang submitted that she was the President of Sang's Income Tax Service.  (Exhibit 1-C.)

Roland Edwin's 2017 tax return also claimed $6,000 in childcare expenses paid to Corine McLean. (Exhibit 17 at 14.) As stated above, Mr. Edwin denied knowing Corine McLean, paying her to care for his children, or providing the return preparer the information for this deduction. (*Id.* at 1.) Page 6 of Exhibit 17 states that Mr. Edwin's 2017 return was prepared by Defendant Brown at K&L Accounting. (*Id.* at 6.)

### *Romaine Benloss's 2016 Tax Return*

Romaine Benloss's 2016 tax return claimed $8,264 in unreimbursed employee business expenses and $4,516 in charitable donations. (ECF No. 34-19, Exhibit 19, at 5–6.) Mr. Benloss stated in a declaration that he "did not contribute $4,516 and . . . did not have $8,264 in job expenses in 2016." (*Id.* at 1.) Page 4 of the return states that it was prepared by Defendant Kashana Sang at Sang's Income Tax Service. (*Id.* at 4.)

### *Simone Peynado and Colin Peynado's 2019 Tax Returns*

Simone Peynado and Colin Peynado's 2019 tax returns were filed separately under different addresses. (ECF Nos. 34-12, Exhibit 12; No. 34-13, Exhibit 13.) Ms. Peynado's 2019 tax return claimed HOH status, listed T.P. as one of her dependents, and stated that T.P. lived with Ms. Peynado for twelve months in 2019. (Exhibit 12 at 1, 13.) Mr. Peynado's 2019 tax return also claimed HOH status and listed the same child, T.P., as the qualifying child. (Exhibit 13 at 1.) Both returns were prepared by Defendant Lewis

at K&L Accounting.  (Exhibit 12 at 2; Exhibit 13 at 2.)

   *James and Esther, Shamane, and Sheniesha Amsterdam's 2019 Tax Returns*

   James and Esther Amsterdam filed their 2019 tax return jointly as a married couple.  (ECF No. 34-14, Exhibit 14.)  Shamane and Sheniesha Amsterdam each filed a separate tax return for 2019. (ECF Nos. 34-15, Exhibit 15; 34-16, Exhibit 16.)  Shamane and Sheniesha Amsterdam shared the same address, 1015 Sutter Ave Apt 1FL, Brooklyn, NY 11208, in 2019.  (Exhibit 15 at 1; Exhibit 16 at 1.)  James and Esther Amsterdam listed the same address in their return, 1015 Sutter Ave in Brooklyn, but did not indicate the floor number.  James and Esther Amsterdam's 2019 joint return did not claim HOH status but listed L.A. as a dependent.  (Exhibit 14 at 1.)  Shamane and Sheniesha Amsterdam's 2019 returns each claimed HOH status and listed the same child, L.A., as the qualifying person.  (Exhibit 15 at 1; Exhibit 16 at 1.)  Thus, the same child was used to claim a deduction on three different returns, and two people who share the same household, Shamane and Sheniesha Amsterdam, both claimed HOH status.  All three tax returns were prepared by Defendant Lewis at K&L Accounting.  (Exhibit 14 at 2; Exhibit 15 at 2; Exhibit 16 at 2.)

13

### *Lorraine Anderson's 2017 Tax Return*

Lorraine Anderson stated in a declaration that Defendant Keith Sang, whose EFIN was suspended by the IRS in January 2010, prepared her 2016 and 2017 tax returns, but her 2017 tax return was paper filed with no preparer signature or identification number. (ECF 34-4, Exhibit 4, at 1, 21.)

### *Winston White's 2017 Tax Return*

Winston White's 2017 tax return was paper filed, with no preparer signature or identification number, but he stated in a declaration that his 2016 and 2017 tax returns were prepared by "Keith Sang Tax Service." (ECF No. 34-10, Exhibit 10, at 1, 5.) Defendant Keith Sang's EFIN was suspended by the IRS in January 2010. (Gupta Decl. ¶ 15.)

### *Patricia Enmore's 2016 Tax Return*

Patricia Enmore's 2016 tax return states that it was prepared by non-party Venelda Wallace at Sang's Income Tax Service, but Ms. Enmore stated in a declaration that "Mr. Keith," whose own EFIN was suspended by the IRS in January 2010, (*id.*), prepared her 2016 and 2017 tax returns. (ECF No. 34-6, Exhibit 6, at 1, 5.)

14

## CONCLUSIONS OF LAW

Plaintiff seeks a preliminary injunction against Defendants under 26 U.S.C. §§ 7407 and 7402. Because section 7407 sets forth statutory conditions for equitable relief, the Court may issue a preliminary injunction if those conditions are met, without engaging in the traditional analysis for injunctive relief. *United States v. Doonan*, 19-cv-9578(AT), 2020 WL 1659861, at *2 (S.D.N.Y. Apr. 3, 2020). Defendant Brown argues in her opposition that the Court should nonetheless consider equitable factors. (Def. Mem. at 6.) The Court disagrees because courts in this Circuit have been clear that where an injunction is expressly authorized by statute, the courts need to consider only whether the statutory violations have been shown. *See, e.g.*, *United States v. Broccolo*, No. 06-cv-2812(KMK), at *2 (S.D.N.Y. Dec. 13, 2006) (stating that section 7407 contains "express provisions authorizing district courts to enter injunctions upon the showing of a violation of the law," and, therefore, "if the Government establishes a violation of [section 7407], the Court may issue a preliminary injunction.").

## I.   Injunctive Relief Under 26 U.S.C. § 7407(b)(1)(A)

Under section 7407(b)(1)(A), the Court may enjoin a tax preparer who has "engaged in any conduct subject to penalty under section 6694 or 6695," as discussed below. 26 U.S.C. § 7407(b)(1)(A). Injunctive relief is warranted under section 7407(b)(1)(A) if it is "appropriate to prevent the recurrence of"

the unlawful conduct at issue. *Id.* § 7407(b)(2). Additionally, if a tax return preparer has "continually or repeatedly" engaged in conduct subject to penalty under section 6694 or 6695 and an injunction prohibiting such conduct would be insufficient to prevent further interference with the administration of the internal revenue laws, the Court may enjoin such person from acting as a tax return preparer. *Id.*

### A. Violations Subject to Penalty Under 26 U.S.C. 6694(a)

First, Plaintiff has shown that Defendants violated section 6694(a), which subjects a tax return preparer to a penalty for understatement of taxpayer liability based on an unreasonable position, where the tax preparer "knew (or reasonably should have known) of the position." *Id.* § 6694(a). The Court considers below evidence of violations that would be subject to penalty under section 6694(a) that are specific to each of the Defendants, based on the record.

#### 1. Keith Sang

The Court finds that Defendant Keith Sang engaged in violations subject to penalty under section 6694(a) by preparing tax returns that claimed false deductions that he, at the very least, should have known did not have any basis in fact and thus were improper and unreasonable. Examples of tax returns prepared by Mr. Sang that demonstrate his section 6694(a) violations are: (1) the 2016 tax return of Maurice and Marcia Sedacey that claimed

16

$9,091 in unreimbursed employee business expenses and $5,333 in charitable donations, which were disavowed by Mrs. Sedacy in her declaration as illegitimate, (Exhibit 9 at 1, 20, 22), and (2) the 2016 and 2017 tax returns of Patrick Atkinson that claimed unreimbursed employee business and childcare expenses that Mr. Atkinson "did not tell the preparer to deduct," (Exhibit 7 at 1, 10–11, 28–29).

### 2. Kashana Sang

Defendant Kashana Sang, whose name and unique PTIN appear in the Sedaceys' 2016 return and Mr. Atkinson's 2016 return, is also implicated by the understatement of tax liabilities in those returns. (Exhibit 9 at 19; Exhibit 7 at 27.) Even if it was Defendant Keith Sang who prepared those returns, Ms. Sang is also implicated for having allowed her father, whose EFIN was suspended in 2010 by the IRS, to continue preparing and electronically filing tax returns using her name, PTIN, and EFIN.

In addition, the Court finds that Ms. Sang herself engaged in violations subject to penalty under section 6694(a) by preparing tax returns that claimed false filing statuses and deductions that she, at the very least, should have known did not have any factual basis and thus were improper and unreasonable. For example, Ms. Sang included deductions for unreimbursed employee business expenses and charitable donations in Robert Purcell's 2016 tax return, (Exhibit 18 at 26, 33), despite not having received

17

information from Mr. Purcell that would justify those deductions. In fact, Mr. Purcell stated in a declaration that he did not have any expenses related to his job and did not tell the preparer about his charitable donations. (*Id.* at 1.) In addition, Ms. Sang prepared two 2016 tax returns with different addresses that both claimed HOH status based on the same qualifying child when she, as a return preparer, should have known that two individuals cannot both claim HOH status using the same child, as one child could not have resided at more than one address for over six months in any given year. (Exhibit 8 at 37, 40, 45, 48, 55.) Finally, Ms. Sang included deductions for unreimbursed employee business expenses and charitable donations in Romaine Benloss's 2016 tax return, (Exhibit 19 at 4–6), despite not having received information from Mr. Benloss that would justify such deductions. Mr. Benloss stated in a declaration that he "did not contribute $4,516 and . . . did not have $8,264 in job expenses in 2016." (*Id.* at 1.)

Other examples that demonstrate Defendant Kashana Sang's section 6694(a) violations are tax returns that listed Sang's Income Tax Service as the preparer firm and its EIN, thus associated with Ms. Sang as the President of Sang's Income Tax Service: (1) Jhamel Clarke's 2016 tax return that claimed HOH status based on a qualifying child that the taxpayer did not know and included charitable donations that the taxpayer did not report to the preparer, (Exhibit 11 at 1, 14, 16, and 18), and (2) Roland Edwin's

18

2016 tax return that claimed childcare expenses supposedly paid to an individual that the taxpayer disclaimed knowing or employing to take care of his children, (Exhibit 17 at 1, 29, 31.)

      3.   **Tareek Lewis**

      The Court finds that Defendant Lewis also engaged in violations subject to penalty under section 6694(a) by preparing tax returns that claimed false deductions that he, at the very least, should have known did not have any basis in fact and thus were improper and unreasonable. For example, Robert Purcell disavowed the unreimbursed employee business expenses and the charitable donations that were claimed in his 2017 tax return, which was prepared by Defendant Lewis. (Exhibit 9 at 1, 20, 22). In addition, Mr. Lewis prepared the 2019 tax returns of Simone and Colin Peynado, which were filed separately under different addresses, that both claimed HOH status and listed the same child, T.P., as the qualifying child. Exhibit 12 at 1; Exhibit 13 at 1). Ms. Peynado had also represented in her return that T.P. lived with her for twelve months in 2019. (Exhibit 12 at 13.) The Court finds that Mr. Lewis, at the very least, should have known that the same child could not have resided with Ms. Peynado for twelve months while also residing with Mr. Peynado for over six months in 2019 and, therefore, the two taxpayers could not both claim HOH status.

      Finally, Defendant Lewis prepared the 2019 tax returns of James and Esther Amsterdam (filed jointly as a married couple),

Shamane, and Sheniesha Amsterdam.  (Exhibits 14—16.)  There, the same child was used to claim a deduction on three different returns, and two people from the same household, Shamane and Sheniesha Amsterdam, improperly both claimed HOH status.  (Exhibit 14 at 1; Exhibit 15 at 1; Exhibit 16 at 1.)

### 4.  Kimberly Brown

Defendant Brown, whose name and unique PTIN appear in Mr. Atkinson's 2017 tax return, is also implicated by the understatement of his tax liability.  (Exhibit 7 at 9.)  Even if it was Defendant Keith Sang who prepared the return, Ms. Brown is also implicated by having allowed Mr. Sang, whose EFIN was suspended in 2010, to continue preparing and electronically filing tax returns using her name, PTIN, and EFIN.

In addition, the Court finds that Ms. Brown herself engaged in violations subject to penalty under section 6694(a) by preparing tax returns that claimed false filing statuses and deductions that she, at the very least, should have known did not have any factual basis and thus were improper and unreasonable. For example, Ms. Brown prepared Roland Edwin's 2017 tax return that claimed $6,000 in childcare expenses paid to an individual named Corine McLean.  (Exhibit 17 at 6, 14.)  However, those expenses were not claimed based on information provided by the taxpayer, as Mr. Edwin denied knowing Corine McLean, paying her to care for his children, or providing the return preparer the information for this

deduction.  (*Id.* at 1.)

Furthermore, Ms. Brown prepared the 2017 tax return of Everton Morris, which claimed HOH status and listed D.Y. as the qualifying child, even though D.Y. was also listed as the qualifying child for Tashoy Saddler's household in her 2017 tax return. (Exhibit 8 at 5, 16.)   The two returns had different addresses. (*Id.*)   Although Ms. Saddler's 2017 tax return was paper filed and did not include any preparer information, (*id.* at 6), Ms. Saddler stated in a declaration that her 2016 and 2017 tax returns were prepared by Sang's Income Tax Service.  (*Id.*)  Ms. Brown would have learned had she performed appropriate due diligence that another individual whose 2017 tax return was prepared by Mr. Sang's business also claimed HOH status for the same child listed in Mr. Morris' tax return as the qualifying child.

### 5.   K&L Accounting

K&L Accounting's EFIN application, which was submitted by Plaintiff as Exhibit 1-C, listed Defendants Lewis and Brown as co-managers of K&L Accounting.  (Exhibit 1-C.)   Therefore, the Court finds that Defendant K&L Accounting is implicated by the aforementioned section 6694(a) violations carried out by Defendants Lewis and Brown, its co-managers.  *See United States v. Demauro*, 581 F.2d 50, 53 (2d Cir. 1978) ("[A]s a general rule a corporation is liable for the criminal acts of its employees if done on its behalf and within the scope of the employees' authority.")

(citations omitted).

**B.  Violations Subject to Penalty Under 26 U.S.C. § 6694(b)**

Plaintiff also asserts that Defendants violated section 6694(b), which penalizes a tax return preparer's "willful attempt in any manner to understate the liability for tax on the return or claim, or reckless or intentional disregard of rules and regulations." 26 U.S.C. § 6694(b). The Court addresses violations that would be subject to penalty under section 6694(b) specific to each of the Defendants, based on the evidence in the record.

**1. Keith Sang**

Defendant Keith Sang, even after his EFIN ending in 5157 was suspended by the IRS in January 2010, (Gupta Decl. 4), continued to act as a tax preparer, using EFINs applied for and issued to Defendants Kashana Sang, Lewis, and Brown, in, at minimum, reckless disregard of rules and regulations and therefore in violation of section 6694(b). For example, Jason Savage's 2016 tax return lists Defendant Kashana Sang as the preparer and his 2017 tax return lists Defendant Lewis as the preparer, but Mr. Savage stated in a declaration that it was Defendant Keith Sang who has prepared his tax returns since he started working. (Exhibit 5 at 1, 9, 24.) Other returns prepared by Mr. Sang but filed under the names of his associates are: (1) Patricia Enmore's 2016 tax return that identified non-party Venelda Wallace as the preparer, (Exhibit 6 at 1, 5); (2) Patrick Atkinson's 2016 and 2017 tax returns, which

22

identified Defendants Kashana Sang and Brown as the preparers, respectively, (Exhibit 7 at 1, 9, 27); and (3) Maurice and Marcia Sedacey's 2016 tax return, which identified Defendant Kashana Sang as the preparer, (Exhibit 9 at 19).

Furthermore, the Court finds that Plaintiff has proffered sufficient examples of violations by Defendant Keith Sang, who included in the tax returns that he prepared false deductions that lacked factual basis, in reckless disregard of rules and regulations.  Because these examples were already discussed in the Court's section 6694(a) analysis above, the Court simply lists the relevant ones here for completeness: the 2016 tax return of Maurice and Marcia Sedacey, and the 2016 and 2017 tax returns of Patrick Atkinson that claimed false unreimbursed employee business expenses and charitable donations.  (Exhibit 9 at 1, 20, 22; Exhibit 7 at 1, 10–11, 28–29).

### 2. Kashana Sang

Defendant Kashana Sang violated section 6694(b) by allowing Defendant Keith Sang to continue preparing and electronically filing tax returns using her name, PTIN, and EFIN, in, at minimum, reckless disregard of rules and regulations and thus in violation of section 6694(b), as exemplified by the 2016 tax return of Jason Savage, the 2016 tax return of Patrick Atkinson, and the 2016 tax return of Maurice and Marcia Sedacey, which all identified Defendant Kashana Sang as the preparer despite having

been prepared by Defendant Keith Sang.  (Exhibit 5 at 1, 24; Exhibit 7 at 1, 9, 27; Exhibit 9 at 1, 19).

Furthermore, the Court finds that Plaintiff has proffered sufficient examples of violations by Defendant Kashana Sang in preparing tax returns that claimed deductions and HOH statuses that were neither accurate nor based on information provided by the customers, in reckless disregard of rules and regulations and thus in violation of section 6694(b).  Because the relevant examples were already discussed in detail in the Court's section 6694(a) analysis above, the Court, without repeating itself, simply lists them here for completeness: (1) the 2016 tax return of Robert Purcell and the 2016 tax return of Romaine Benloss that each claimed false unreimbursed employee business expenses and charitable donations, (Exhibit 18 at 1, 26, 33; Exhibit 19 at 1, 4–6); (2) Roland Edwin's 2016 tax return that claimed false childcare expenses, (Exhibit 17 at 1, 29, 31); (3) Tashoy Saddler and Everton Morris' 2016 tax returns, filed separately under different addresses, that both claimed HOH status using the same qualifying child; and (4) Jhamel Clarke's 2016 tax return that claimed HOH status based on a child that the taxpayer did not even know and claimed false charitable donations, (Exhibit 11 at 1, 14, 16, and 18).

### 3. Tareek Lewis

Defendant Lewis violated section 6694(b) by allowing Defendant Keith Sang to continue preparing and electronically filing tax returns using his name, PTIN, and EFIN, despite the suspension of Mr. Sang's EFIN by the IRS, in, at minimum, reckless disregard of rules and regulations, as exemplified by the 2017 tax return of Jason Savage, which identified Defendant Lewis as the preparer despite having been prepared by Defendant Keith Sang. (Exhibit 5 at 1, 9.)

Furthermore, the Court finds that Plaintiff has proffered sufficient examples of violations by Defendant Lewis in preparing tax returns that claimed deductions and HOH statuses that were unwarranted, and not based on information provided by the customers, in reckless disregard of rules and regulations and thus in violation of section 6694(b). Because these examples were already discussed in detail in the Court's section 6694(a) analysis above, here, the Court simply lists the relevant examples for completeness: (1) Robert Purcell's 2017 tax return that claimed false unreimbursed employee business expenses and charitable donations, (Exhibit 9 at 1, 20, 22); (2) the 2019 tax returns of Simone and Colin Peynado, which both claimed HOH status based on the same qualifying child, (Exhibit 12 at 1–2, 3; Exhibit 13 at 1–2); and (3) the 2019 tax returns of James and Esther, Shamane, and Sheniesha Amsterdam that all claimed deductions using the same

qualifying child, with James and Esther claiming the child as a dependent and Shamane and Sheniesha each claiming HOH status, (Exhibit 14 at 1–2; Exhibit 15 at 1–2; Exhibit 16 at 1–2). In addition, the 2019 tax returns of Shamane and Sheniesha Amsterdam each claimed HOH status, despite reporting the same address and, thus both could not both have been designated as the head of the same household. (Exhibit 15 at 1; Exhibit 16 at 1.)

### 4. Kimberly Brown

Defendant Brown violated section 6694(b) by allowing Defendant Keith Sang to continue preparing and electronically filing tax returns using her name, PTIN, and EFIN, in, at minimum, reckless disregard of rules and regulations, as exemplified by the 2017 tax return of Patrick Atkinson, which identified Defendant Brown as the preparer despite having been prepared by Mr. Sang. (Exhibit 7 at 1, 9.) In addition, the Court finds that Defendant Brown violated section 6694(b) by claiming deductions for childcare expenses in Roland Edwin's 2017 tax return, despite knowing that those expenses were not based on information provided by Mr. Edwin and therefore were unjustified. (Exhibit 17 1, 6, 14.)

### 6.   K&L Accounting

As stated before, Defendant K&L Accounting is implicated by the aforementioned section 6694(b) violations carried out by Defendants Lewis and Brown, its managers. *See Demauro*, 581 F.2d at 53.

### C.    Violations Subject to Penalty Under 26 U.S.C. § 6695

Plaintiff asserts that, in addition to sections 6694(a) and 6694(b), Defendants violated section 6695.  Section 6695(b) penalizes tax return preparers who fail to sign returns or claims for refund that they prepared, and section 6695(c) penalizes tax return preparers who fail to furnish their identifying numbers.  26 U.S.C. §§ 6695(c), (d).  Therefore, tax return preparers violate sections 6695(c) and (d) by paper filing without their signature and without including Form 8948 identifying themselves as the preparers.  The Court next turns to violations of sections 6695(c) and (d) shown by Plaintiff that are specific to Defendants Keith Sang and Kashana Sang.

#### 1. Keith Sang

The Court finds that Plaintiff proffered sufficient evidence of violations by Defendant Keith Sang that are subject to penalties under sections 6695(c) and (d).  Lorraine Anderson stated in a declaration that Defendant Keith Sang prepared her 2016 and 2017 tax returns, but her 2017 tax return was paper filed with no preparer signature or identification number.  (Exhibit 4 at 1, 21.)  Similarly, Marcia Sedacey stated in a declaration that Defendant Keith Sang prepared her and her husband's tax returns, but their 2017 tax return was paper filed with no preparer signature or identification number, (Exhibit 9 at 1, 6.)  Finally, Winston White's 2017 tax return was paper filed, with no preparer signature

27

or identification number, but he stated in a declaration that his 2016 and 2017 tax returns were prepared by "Keith Sang Tax Service." (Exhibit 10 at 1, 5.)

### 2. Kashana Sang

Tashoy Saddler's 2017 tax return, which was paper filed without preparer signature or identification number, does not state any specific individual Defendant's name, but Ms. Saddler stated in a declaration that her 2016 and 2017 tax returns were prepared by Sang's Income Tax Service Inc. (Exhibit 8 at 1, 6.) Plaintiff submitted Exhibit 1-C, which includes the EFIN application submitted by Defendant Kashana Sang as the President of Sang's Income Tax Service Inc. (Exhibit 1-C.) Therefore, the Court finds that Defendant Kashana Sang has violated section 6695 as the President of the preparation firm, Sang's Income Tax Service.

In summary, the Court find that Plaintiff has provided sufficient evidence demonstrating section 6694(a) violations by all individual Defendants and Defendant K&L Accounting, as the employer of Defendants Lewis and Brown; 6694(b) violations by all individual Defendants and Defendant K&L Accounting, as the employer of Defendants Lewis and Brown; and finally, sections 6695(c) and (d) violations by Defendants Keith and Kashana Sang.

## II. Injunctive Relief Under 26 U.S.C. § 7407(b)(1)(D)

Under section 7407(b)(1)(D), the Court may enjoin a tax preparer who "engaged in any other fraudulent or deceptive conduct

which substantially interferes with the proper administration of
the Internal Revenue laws." 26 U.S.C. § 7407(b)(1)(D). Injunctive
relief is warranted under section 7407(b)(1)(D) if it is
"appropriate to prevent the recurrence of" the unlawful conduct at
issue, if a tax return preparer has "continually or repeatedly"
engaged in such conduct, and if "an injunction prohibiting such
conduct would not be sufficient to prevent such person's
interference with the proper administration of [the Internal
Revenue Code] . . . ." *Id.* § 7407(b)(2).

　　　　The Court finds that Defendant Keith Sang, by
continuously filing tax returns using the names and filing
credentials of Defendants Kashana Sang, Lewis, and Brown, even post
the suspension of his EFIN by the IRS, substantially interfered
with the proper administration of the Internal Revenue laws.
Defendants Kashana Sang, Lewis, and Brown substantially interfered
with the proper administration of the Internal Revenue laws by
allowing Mr. Sang to continue preparing tax returns under their
names and filing credentials. Additionally, Plaintiff's exhibits,
a sample of tax returns prepared and filed by Defendants, (Exhibits
4-19), and applications for EFINS submitted by Defendants Kashana
Sang, Lewis, and Brown, (Exhibit 1-C), demonstrate that Defendants
sought to evade and hamper the enforcement efforts of the IRS by
changing their business's corporate name numerous times, changing
their business address, and taking turns applying for a new EFIN

as soon as an EFIN was suspended by the IRS.  According to Agent
Gupta's declaration, Defendant Kashana Sang applied for an EFIN in
December 2010 when Defendant Keith Sang's EFIN was suspended in
January 2010, and Defendants Lewis and Brown applied for an EFIN
in November 2017, under the business name of K&L Accounting, when
Ms. Sang's EFIN was suspended on May 23, 2017. (Gupta Decl. ¶¶ 15–
16, 19–20; Exhibit 1-C.)  Finally, Defendants Keith and Kashana
Sang paper filed 2017 tax returns, prepared in the 2018 preparer
year after Ms. Sang's EFIN had been suspended by the IRS in May
2107, with no preparer signature or identification number so that
the IRS would have difficulty determining their roles in preparing
the returns.  (Exhibits 4, 8, 9, and 10.)

As to whether injunctive relief is appropriate under
sections 7407(b)(1)(A) and 7407(b)(1)(D), the Court concludes that,
considering Defendants' continuous pattern of filing tax returns
that understated their customers' tax liabilities, and the
conscious and concerted steps they have taken to avoid IRS
enforcement, injunctive relief is "appropriate to prevent the
recurrence of" their unlawful conduct.  26 U.S.C. § 7407(b)(2).

**III. Injunctive Relief Under 26 U.S.C. § 7402**

Plaintiff also asserts that injunctive relief is
warranted under section 7402. Section 7402 is a catch-all provision
that permits district courts to issue "orders of injunction . . .
and to render such judgments and decrees as may be necessary or

appropriate for the enforcement of the internal revenue laws," 26 U.S.C. § 7402(a). Courts in this Circuit have held that "parties seeking an injunction under section 7402(a) must satisfy the traditional injunction factors." *United States v. Azeez-Taiwo*, 15-cv-4225(DLI), 2017 WL 4443471, at *4 (E.D.N.Y. Sept. 30, 2017). *See United States v. Webb*, No. 06-cv-5317(SLT), 2007 WL 397041, at *5 (E.D.N.Y. Feb. 1, 2007) ("[U]nlike sections 7407 and 7408, section 7402(a) does not itself authorize specific injunctive relief. Therefore, courts have 'applied traditional equity considerations when crafting injunctive relief pursuant to this section.'") (citation omitted); *United States v. Buddhu*, No. 08-cv-0074(CFD), 2008 WL 2355930, at *3 ("Section 7402(a) authorizes injunctive relief, but does not provide 'statutory conditions.' Accordingly, the traditional equitable considerations must be applied.") (citation omitted). Therefore, Plaintiff must show that (1) absent injunctive relief, it will suffer irreparable harm, and (2) either (a) that it is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and (3) that the balance or hardships tips decidedly in favor of Plaintiff. *Broccolo*, 2006 WL 3690648, at *6.

Here, the likelihood of success on the merits is clearly established. Plaintiff has submitted evidence of unlawful conduct specific to each individual Defendant, as described at length by

the Court *supra*.  Plaintiff has also established irreparable harm, not only in the form of loss in tax revenue, both past and future, but also the significant resources that have been expended by the IRS in investigating Defendants and will continue to be expended if Defendants are not enjoined.  (Pl. Mem. at 22–23.)  *See Broccolo*, 2006 WL 3690648, at *7; *Azeez-Taiwo*, 2017 WL 4443471, at *5.  Given Defendants' pattern of repeatedly filing tax returns understating taxpayer liability and evading IRS enforcement, the Court finds that there is no remedy at law that would prevent Defendants from further engaging in violations of the Internal Revenue laws.  *Azeez-Taiwo*, 2017 WL 4443471, at *5.

        In weighing the balance of hardships, though Defendants will be restrained from making a living as federal tax return preparers, such harm is outweighed by the harm that would be imposed on the United States Government, Defendants' customers who are subjected to IRS audits and penalties, and public confidence in the federal tax system.  *See* United States v. Pugh, No. 07-cv-2456(NGG), 2008 WL 926069, at *2 (E.D.N.Y. Apr. 2, 2008) (stating, in weighing the balance of hardships, that the defendants "will be only minimally harmed by entry of an injunction, as they do not have a right to make a livelihood through illegal conduct" and the "preliminary injunction will prevent customers from having inaccurate returns filed in their name that might subject them to overdue tax, penalties and interest").  Consequently, the

32

evidentiary record supports injunctive relief.

**IV.  Arguments Made by Defendant Brown**

The Court next addresses the arguments made by Defendant Brown in her opposition and supplemental opposition memoranda. Defendant Brown argues that Plaintiff "has not provided any substantive proof that the Defendant's individual return preparation activities interfered with applicable practices and laws." (Def. Mem. at 7.)

However, Plaintiff has proffered evidence of conduct subject to penalty under sections 6694(a) and (b) that are specific to Defendant Brown, in the form of filed tax returns, which list Ms. Brown as the preparer and her unique PTIN, that claimed ineligible HOH status, (Morris, Exhibit 8), and false deductions, (Atkinson, Exhibit 7; Edwin, Exhibit 17).  Ms. Brown argues that the mere indication of her name and PTIN on these tax returns is not sufficient, (Def. Suppl. Opp. at 2), as she denied having prepared the 2017 tax returns of Mr. Edwin and Mr. Atkinson and Defendant Keith Sang may have had unlimited access to her PTIN and EFIN.  (Brown Decl. ¶¶ 6, 7.)  Even if it were true that Ms. Brown did not have any involvement in the preparation of these three returns, which the Court finds unlikely, given her role as a co-manager of K&L Accounting and the application for an EFIN filed under her own name post the suspension of Defendant Kashana Sang's EFIN, Ms. Brown is responsible for the use of her PTIN and EFIN by

33

Mr. Sang.  *See United States v. Samuels*, 702 F. App'x 161, 164 (4th Cir. 2017) ("The district court did not abuse its discretion in holding Defendant responsible for those returns filed using his name and PTIN even absent testimony specifically identifying Defendant as the preparer.").

Additionally, Plaintiff, along with its response to Defendant Brown's supplemental opposition memorandum, submitted tax returns, filed in 2020 and 2021 and identifying Ms. Brown as the preparer by her name and PTIN, in which three individuals with the same address all falsely claimed HOH status in their individual returns.  (ECF Nos. 37-1, Exhibit 21, at 2, 4, 17, 22, 34, 43; No. 37-2, Exhibit 22 at 2, 4, 16, 18, 31, 33.)  These additional exhibits further support Plaintiff's position that Defendant Brown has repeatedly prepared returns that understated her customers' tax liabilities such that she should be enjoined pending the resolution of this action.

Defendant Brown also argues that the customer declarations should not be considered because they are inadmissible hearsay.  (Def. Mem. at 7.)  However, such argument is contrary to established Second Circuit precedent and decisions of courts in this Circuit.  *See Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) ("We . . . conclude that hearsay evidence may be considered by a district court in determining whether to grant a preliminary injunction.  The admissibility of hearsay under the

34

Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage."); *725 Eatery Corp. v. City of New York*, 408 F. Supp. 3d 424, 455 (S.D.N.Y. 2019) ("In the Second Circuit, courts 'routinely consider hearsay evidence in determining whether to grant preliminary injunctive relief,' including affidavits, depositions, and sworn testimony.") (quoting *Mullins*, 626 F.3d at 51–52.)

Finally, the Court respectfully rejects Defendant Brown's argument that Plaintiff has failed to show that violations would occur in the future. (Def. Mem. at 9.) Ms. Brown states in her declaration that she did not start preparing tax returns herself until 2019, (Brown Decl. ¶ 5), and states in her opposition that she "has been scrupulous in the preparation of her client tax returns" and "has . . . adopted an even more comprehensive inquiry for current return preparation customers." (Def. Mem. at 5, 9.) However, Ms. Brown's claim regarding her diligence is undermined by the additional exhibits submitted by Plaintiff, which demonstrate that Ms. Brown continued to file inaccurate tax returns with false deductions in more recent preparer years. (Exhibit 21; Exhibit 22.)

**V.   Scope of the Preliminary Injunction**

For the reasons stated, Plaintiff's motion for a preliminary injunction pursuant to sections 7407 and 7402 during the pendency of this action is granted.  As stated before, section 7407(b) explicitly authorizes the Court to enjoin Defendants from acting as federal tax return preparers altogether if they have "continually or repeatedly" engaged in the offending conduct.  *See* 26 U.S.C. § 7407(b).  In determining whether Defendants should be preliminarily enjoined from acting as tax preparers, the Court looks to "(1) the degree of scienter involved; (2) the isolated or recurring nature of the fraudulent activity; (3) the [Defendants'] appreciation of [their] wrongdoing; and (4) the [Defendants'] opportunities to commit future violations." *United States v. Pugh*, 717 F. Supp. 2d 271, 285 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).  The Court agrees with Plaintiff that merely enjoining specific conduct will not be sufficient to prevent future interference with the Internal Revenue laws by Defendants.  First, the Court finds that the concerted and conscious steps taken by Defendants—changing their business name, address, and applying for an EFIN—to evade suspension of their colleagues and IRS scrutiny demonstrate their knowing disregard of the Internal Revenue laws; Defendants, acting as a unit, have repeatedly filed inaccurate tax returns understating taxpayer liabilities since at least 2016; and Defendants' repeated attempts to circumvent IRS enforcement, even

36

after the suspension of Defendants Keith and Kashana Sang's EFINs by the IRS, demonstrate that they will continue to hamper IRS's enforcement efforts unless they are enjoined entirely from acting as federal tax return preparers. For these reasons, Defendants are preliminarily enjoined from acting as federal tax preparers until the resolution of this action.

<u>**PRELIMINARY INJUNCTION**</u>

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is **GRANTED.**

Defendants, individually and doing business as K&L Accounting, their officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with them, are hereby enjoined from, directly or indirectly:

1. Preparing or assisting in the preparation or filing of federal tax returns, amended returns, and other federal tax documents and forms for anyone other than themselves;

2. Advising, counseling, or instructing anyone about the preparation of a federal tax return;

3. Owning, managing, controlling, working for, or volunteering for an entity that is in the business of preparing federal tax returns or other federal tax documents or forms for other persons;

4. Providing office space, equipment, or services for, or in any other way facilitating, the work of any person or entity that is in the business of preparing or filing federal tax returns or other federal tax documents or forms for others or representing persons before the IRS;

5. Advertising tax return preparation services through any medium, including print, online, and social media;

6. Maintaining, assigning, holding, using, or obtaining a

38

Preparer Tax Identification Number ("PTIN") or an Electronic Filing Identification Number ("EFIN");

7.   Representing any person in connection with any matter before the IRS;

8.   Employing any person to work as a federal tax return preparer;

9.   Referring any person to a tax preparation firm or a tax return preparer, or otherwise suggesting that a person use any particular tax preparation firm or tax return preparer;

10.  Selling, providing access, or otherwise transferring to any person some or all of the proprietary assets of the Defendants, including K&L Accounting, generated by their tax return preparation activities, including but not limited to customer lists; and

11.  Engaging in any conduct subject to penalty under 26 U.S.C. §§ 6694, and 6695, or that substantially interferes with the administration and enforcement of the internal revenue laws.

The parties are ordered to meet and confer and advise the Court, by Friday, March 4, 2022, how they plan to proceed with this case.

**SO ORDERED.**

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge


Dated:  Brooklyn, New York
        February 26, 2022